## MARY WALSH *vs.* THE CITY OF ANSONIA ET AL.

Third Judicial District, New Haven, June Term, 1897.  ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A committee appointed by the common council of the defendant city, upon
application of the plaintiff, to mark the limits of the highway adjoin-
ing her land, pursuant to Chap. 286 of the Public Acts of 1895, re-
ported that it was impossible to find the original lines of the street, and
recommended a new layout described in a map filed with its report;
and afterwards caused a written notice to be served upon the plaintiff,
of the hearing to be had before it relative to establishing a layout or
street line for such street.  In a suit to restrain the city from making
the new layout by said committee, or in any manner except as author-
ized by its charter, it was *held*, upon demurrer to the complaint, that
the facts alleged did not justify the plaintiff's claim that the committee
appointed to place highway bounds had itself made, or attempted to
make, a new layout; but that it was apparent from the notice served
upon the plaintiff, and recited in the complaint, that the same persons
who formed the committee on bounds were subsequently appointed a
committee to hear property owners in relation to the question of a new
layout, and that the action so taken was legal and in accord with
the provisions of the city charter.

[Argued June 9th—decided July 13th, 1897.]

SUIT to restrain the defendants from making a new lay-
out of a city street, brought to the Superior Court in New
Haven County and tried to the court, *Robinson, J.*, upon the
defendants' demurrer to the complaint; the court sustained
the demurrer and rendered judgment for the defendants,
and the plaintiff appealed for alleged errors in the rulings of
the court. *No error.*

The case is sufficiently stated in the opinion.

*Charles S. Hamilton* and *Denis T. Walsh*, for the appellant
(plaintiff).

*V. Munger*, for the appellees (defendants).

HALL, J.   The plaintiff, who is the owner of land in the
city of Ansonia, bounded southerly by the highway known

as Third street, made an application to the municipal authorities, under the provisions of § 5 of Chap. 286 of the Public Acts of 1895, for the placing of bounds to mark the limits of said highway upon her land; and upon said application, by resolution of the common council, the persons named as defendants were appointed a committee to establish lines on Third street.

The committee reported to the common council, in substance, that they had been unable from any known records, to find the original lines of the street, and that as most of the monuments which were supposed to mark the original lines, as established some forty years prior to that time, had either been displaced or removed, the committee had caused a civil engineer to survey and lay out the street so as to cause as little injury as possible to the abutting landowners, and at the same time retain the city's right to a fifty foot street, and that the committee recommended the adoption of a layout described in a map accompanying the report made by said civil engineer, as the lines for said Third street. " To do this," say the committee at the close of the report, " it will be necessary to give a hearing to the property owners, as it is in fact, a new layout."

After the above report was made the following notice, addressed to the plaintiff, and signed by the defendants and countersigned by the city clerk, was sent to the plaintiff: "Notice of Hearing on Layout on Street Lines for Third street. . . . You are hereby notified to appear before the undersigned, a committee appointed by the board of common council of the city of Ansonia (naming time and place), then and there to be heard relative to establishing, changing, and locating a layout or street line for Third street, in said Ansonia."

The foregoing is the substance of the first seven paragraphs of the complaint.

Paragraph 8 of the complaint alleges that the defendants, under said pretended notice and appointment, " threaten to make a new layout of said Third street, placing the same arbitrarily, according to their own notions, without regard

to the original and established layout of said highway, which can easily be determined, in the proper manner, by examination of the proper records; and the defendants threaten, in said manner, to set up said new, pretended layout, . . . and to take up, remove, destroy, and obliterate all the marks, signs, bounds, and means of identification of said Third street." The plaintiff further alleges, in effect, that in the original deed of the premises, certain of the boundary lines are described by reference to the boundary line on Third street; that if the monuments which marked the original boundaries are lost or destroyed, she may be involved in litigation with her neighbor on the north, who claims a portion of her premises, and may lose some of her land; and that the evidence necessary to be used in a pending action brought by the plaintiff for the restoration of the lost boundaries on said highway, will be destroyed.

The complaint prays for an injunction to restrain the defendants from making a new layout of Third street by said committee, or in any manner, except in pursuance of the provision of the city charter, and from removing the bounds of said highway through said committee.

To this complaint the defendants demur. The grounds of the demurrer are in substance: (1) That it appears from the complaint that in proceeding to make said layout the city authorities are acting in all respects in accordance with law, and in the exercise of the powers conferred by the city charter to lay out and alter its highways; (2) that the facts alleged fail to show that the plaintiff will sustain such loss and damage as will justify the granting of the injunction asked for. The plaintiff has appealed from the judgment of the Superior Court sustaining the demurrer.

The right of the city of Ansonia to make a new layout of Third street which may change the lines as they were originally established, and which may necessitate the removal of monuments marking the old lines, is granted by the charter which gives to the city exclusive authority and control over its streets, and the sole and exclusive power to lay out, alter

and discontinue all highways and streets existing or hereafter to be made within said city. Special Acts of 1893, § 42, pp. 932, 951. This proposition is not disputed by the plaintiff's counsel. The prayer for an injunction is based upon the claim that the action of the city in making such a layout is not in accordance with the provisions of the charter defining the manner in which such layouts or changes must be made; and the restraining order asked for is that the defendants be enjoined from making a new layout of Third street in any other manner than that pointed out by the charter. Counsel for plaintiff contends that the facts alleged in the complaint show that the acts of the defendant are unlawful, in that they show that the committee appointed by the common council upon the plaintiff's application for the placing of bounds to mark the lines of the highway, have themselves already made, or attempted to make, or that this committee under the authority of said appointment is about to make, a new layout of Third street.

Such a conclusion is not justified by the facts alleged. On the contrary, from the report of that committee, considered in connection with the notice which was afterwards sent to the plaintiff, both of which are set forth in full in the complaint, it is manifest that the committee have never attempted the exercise of such power; and that neither they nor the common council have supposed that the committee, under their appointment, was authorized, or possessed the power, to make a new layout of Third street. The committee do say in their report that they have instructed a civil engineer "to survey and lay out said street"; but can it be fairly claimed that these words indicate an intention on the part of the committee to themselves make the layout, when in the same report they recommend to the mayor and common council the adoption of the layout described in the maps submitted with the report, and say to the common council that its adoption will involve the making of a new layout, and the giving of a hearing to property owners?

It appears beyond any question, from the averments of the complaint, that the committee which was appointed by the

common council at the plaintiff's request, believing that it was impossible for them to correctly designate the original lines of Third street, did no more than to recommend, as the best means of accomplishing the purpose for which they were appointed, that the city authorities, in the manner provided by the charter, make a new layout of the street, as indicated by the maps and survey which the committee had procured to be made. Such recommendation — and this was the extent of the committee's action—has certainly worked no injury to the plaintiff. What action was taken by the common council upon this report the plaintiff has sufficiently informed us by setting forth in the complaint the notice, signed by the individuals who are made defendants and by the city clerk, which was afterwards served upon the plaintiff. The plaintiff is thereby notified to appear *and be heard* before a committee appointed by the common council relative to establishing, changing, and locating a layout, or street line for Third street. When read with § 42 of the Act incorporating the city of Ansonia, above cited, it is perfectly manifest that, having received the report of the committee appointed to mark the lines of Third street, the common council appointed the same persons a committee to hear property owners upon the question of whether a new layout of Third street should be made; and thus, in a lawful manner took the first step toward making a new layout of Third street, under the provisions of the city charter. If the city authorities of Ansonia propose to change the line, or make a new layout of Third street, and their power to do so is unquestioned, how should they proceed?

Section 42 of the city charter describes the steps which must be taken. First. Before the common council shall *determine* to lay out, change or discontinue any highway or street, or designate any building line, it must cause a notice, signed by the mayor or clerk of said city, describing in general terms such proposed action, and specifying a time and place when and where all persons whose land is proposed to be taken or affected thereby may appear before them, or a committee by them appointed, and be heard in relation

thereto, to be served upon such property owners. Second. The common council, or in case a committee is appointed, then the committee, must give a hearing to the parties in interest. Third. If, after such hearing the common council shall determine to make a proposed layout or alteration, they are to appoint a committee of their own' body to make the layout or alteration, and report the same to the common council, with a descriptive survey of the street. Fourth. The common council must then estimate and appraise the damages and benefits resulting or accruing to the parties in interest. Fifth. In case parties in interest refuse to accept such estimate of the common council, the mayor must appoint three freeholders of the city who are to hear the parties, and assess the benefits and damages. Sixth. The descriptive survey must be signed by the mayor and recorded, and the damages assessed to the parties, paid or deposited in the city treasury.

From the facts stated in the complaint the city authorities were apparently proceeding as directed by their charter when they were stopped by the temporary injunction. The committee, notice of the future meetings of which was served upon the plaintiff, was appointed by the common council to give a hearing to the parties upon the question of whether a new layout of Third street should be made. If the original layout of Third street could easily be determined by an examination of the proper records, an opportunity was thus given the plaintiff, by proving that fact to the committee, to show that the new layout of Third street was unnecessary. That this is not the committee appointed under the charter to make the actual layout, but a committee whose only duty is to hear the parties and to report to the common council upon the question whether the layout or alteration should be made, is readily ascertained from an examination of § 42. The committee to make the layout is not appointed until the parties in interest have been heard, and the common council, after such hearing, has determined to make the layout; and no notice of its meeting is required to be given to the parties in interest; nor is any hearing granted to parties in

interest before such committee. Though paragraph 8 of the complaint substantially alleges that the committee before whom the plaintiff was notified to appear, and also the city, threaten that a new layout of Third street will be made by said committee, this allegation is manifestly the statement of a conclusion from the facts already set forth, and no such deduction can fairly be made from these facts. The facts alleged in the complaint show no reason for the claim that the defendants are proceeding unlawfully, or for any misunderstanding of the purpose of the municipal authorities in the action they have taken. The legitimate inference from all the facts alleged is that the committee first appointed have never attempted, and do not intend to make, the layout proposed; that the committee appointed to hear the parties are not authorized to make, and do not intend to make, such layout; that the common council have not yet determined whether such layout should be made; and that their action in appointing a committee to hear the parties in interest upon that question, and report to the common council, was lawful and in accordance with the provisions of the charter.

Since the common council, in appointing a committee to hear the parties, has taken the proper preliminary step toward making a new layout of Third street, and so long as the municipal authorities in making the new layout proceed in the manner required by the charter, it is of no consequence whether the committee appointed to place the bounds on Third street exceeded their authority in procuring a survey and proposed new layout to be made and submitted to the common council.

As the plaintiff is not, for the reasons already stated, entitled to the injunction prayed for, it is unnecessary to decide whether the injury which it is alleged would result to the plaintiff from a change in the lines of the street is such as would warrant the granting of an injunction, if the city authorities were not proceeding according to the requirements of their charter.

There is no error.

In this opinion the other judges concurred.